

# Fourth Court of Appeals
## San Antonio, Texas

January 5, 2022

No. 04-21-00526-CV

Brandon **ROBERTS**,
Appellant

v.

**UNIVERSITY HEALTH SYSTEM**, Sarah Abang-Hayes, MD, Medical Center Pavilion
Pharmacy, and Accord HealthCare Inc.,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-00455
Honorable Tina Torres, Judge Presiding

# O R D E R

In his second amended petition, appellant Brandon Roberts brought various claims against Sarah Abang-Hayes, Accord Healthcare Inc. ("Accord"), and Bexar County Hospital District d/b/a University Health f/k/a University Health System (the "Hospital"). Accord filed a Rule 91a motion to dismiss the claims against it, which was granted by the trial court. *See* TEX. R. CIV. P. 91a. The record before us does not contain an order disposing of the claims against Abang-Hayes or the Hospital. Roberts filed a notice of appeal, indicating he intends to appeal from the trial court's order granting Accord's Rule 91a motion to dismiss.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the trial court's order granting Accord's Rule 91a motion is interlocutory because it does not dispose of all parties and claims. Further, the record before us does not include any motion severing claims or parties. Thus, the order is not final and appealable. Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a party may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. We cannot, however, find any statutory authority that allows a party to appeal from an interlocutory order granting a Rule 91a motion to dismiss such as the one contained in the record before us. *See In re Farmers Tex. Cnty. Mut. Ins. Co.*, 604 S.W.3d 421, 429 (Tex. App.—San Antonio 2019, orig.

proceeding); *Tamborello v. Town of Highland Park*, No. 05-20-00755-CV, 2021 WL 1540653, at *1 (Tex. App.—Dallas 2021, no pet.).

We, therefore, ORDER appellant to show cause in writing by **January 19, 2022**, why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We suspend all appellate deadlines pending our determination of whether we have jurisdiction over this appeal.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of January, 2022.

_____
Michael A. Cruz,
Clerk of Court